IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-00025-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PATRICIA JEANETTE JACOBY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to alter the judgment, opposed by the government.  Defendant defrauded a very large number of people through a ponzi investment scheme whereby she solicited investors in a program of buying and selling estate items, including antiques and collectibles.[1]  She promised excessive rates of return on investments within a short period of time, ostensibly during which she would market these items at great profit and return to her investors their original investment amount plus something around 20 to 30 % profit.  Some people were paid by her.  Most were not.  There is $1,639,741.20  owing in restitution to the victims, memorialized in the court's order on restitution and judgment.

On May 20, 2013, defendant filed a motion requesting the court to alter the restitution during the course of her incarceration.  Defendant specifically requests that the court impose quarterly payment installments of $25.00 per quarter, but no more than $36.00 per quarter.  The instant motion

---

[1]  Defendant has an extensive history of fraudulent financial dealings.  Defendant even used the instant scheme to pay restitution upon a previous conviction.

notes that while the judgment imposes a specific installment amount ($50.00) she must pay upon her release, it does not identify a specific installment amount she must pay during incarceration. In the alternative, defendant requests that restitution be deferred until her release from custody. At the beginning of this year, defendant was informed that the amount of monthly restitution she was required to pay by the Federal Bureau of Prisons had changed from $50 per month to $276 per month. Defendant earns $18.00 a month as a cottage landscaper while in BOP.

The court entered an order directing the government to respond. On June 4, 2013, the government filed a motion for extension of time to respond and a motion for leave to take deposition of the defendant. Although it was noted in the government's motions that defendant objected, defense counsel later advised the case manager defendant did not object to either motion, and both of which were allowed.

The government has now filed its response in opposition stating among other things that this court is without authority to amend the judgment five years after the fact. Having carefully considered the arguments of the parties in support of and in opposition to the instant motion, for reasons articulated by the government in its response, the court DENIES defendant's motion.

SO ORDERED, this the 24th day of September, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

2